PEOPLE v. LIMON.

1. CRIMINAL LAW—CONFESSION—INSUFFICIENT TO SUSTAIN CONVICTION.
   Confession of the accused alone is insufficient to sustain a conviction for the crime with which he is charged.

2. SAME—EVIDENCE—CORPUS DELICTI—ADMISSIONS.
   Evidence must first be presented to establish the *corpus delicti* in a criminal case before the admissions of the accused can be put into evidence.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 226.
    20 Am Jur, Evidence §§ 484, 1242.
[2] 20 Am Jur, Evidence §§ 484, 1233.
[3] 20 Am Jur, Evidence §§ 1230–1232, 1234.
[4] 20 Am Jur, Evidence § 1231.
[5] 20 Am Jur, Evidence § 1242.
[6] 5 Am Jur 2d, Appeal and Error §§ 545, 548, 549.
[7] 20 Am Jur, Evidence §§ 480, 498, 503.
[8–10] 20 Am Jur, Evidence § 503.

**3.** SAME—EVIDENCE—SUFFICIENCY—UNLAWFULLY DRIVING AWAY A
VEHICLE.
   Evidence tending to show defendant was found by police standing
   next to a stolen car with its motor running in an unattended
   parking lot at 3 a.m. *held,* sufficient to establish the existence
   of the crime of unlawfully driving away a motor vehicle, al-
   though defendant was not seen driving the car (CL 1948, § 750-
   .413).

**4.** SAME—EVIDENCE—CORPUS DELICTI—CIRCUMSTANTIAL EVIDENCE.
   Proof of the *corpus delicti* in a criminal case may be established
   by use of circumstantial evidence, including the drawing of
   reasonable inferences and the weighing of probabilities.

**5.** SAME—EVIDENCE—CORPUS DELICTI—CONFESSION.
   Once the existence of a crime is established, the guilt of the ac-
   cused may be based upon his own otherwise uncorroborated
   confession.

**6.** SAME—APPEAL AND ERROR—OBJECTIONS—CORRECTIONS OF ERRORS.
   The Court of Appeals may notice and correct grave errors in
   criminal cases involving the life or liberty of the accused which
   seriously affect his constitutional rights, although not challenged
   by objection or motion in the trial court.

**7.** SAME — INTERROGATION WITHOUT PRESENCE OF ATTORNEY —
WAIVER.
   Interrogation in a criminal case arising after June 13, 1966,
   without the presence of an attorney and wherein a statement
   is taken, imposes on the people the burden of demonstrating
   that the defendant knowingly and intelligently waived his priv-
   ilege against self-incrimination and his right to retained or
   appointed counsel.

**8.** SAME—FAILURE TO REQUEST COUNSEL.
   A determination that no request by a suspect had been made
   for counsel will not be fatal to a claim of a denial of counsel
   during in-custody interrogation in criminal cases arising after
   June 13, 1966.

**9.** SAME—REQUEST FOR COUNSEL—WAIVER.
   A defendant in a criminal case need not make a preinterrogation
   request for a lawyer, and his failure to ask for one does not
   constitute a waiver in criminal cases arising after June 13, 1966.

**10.** SAME—CONFESSION—VOLUNTARINESS—DENIAL OF COUNSEL.
   Defendant's statement to police officers in prosecution for un-
   lawfully driving away a motor vehicle *held,* to have been made

voluntarily·and after he had been informed of his constitutiona¹ rights, where arrest was made at 3 a.m., defendant questioned at 8:15 a.m., statement made and signed between 8:15 and 8:45 a.m., defendant was assigned counsel at 9 a.m. by the court, where the testimony clearly established the basis of the contention of defendant that he was denied counsel during the interrogation when he signed the confession, as the trial court determined that there had been no denial of a request for counsel.

Appeal from Recorder's Court; Groat (Gerald W.), J. Submitted Division 1 March 8, 1966, at Detroit. (Docket No. 842.) Decided October 11, 1966.

Ricardo Limon was convicted of unlawfully driving away a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *James E. Lacey,* Assistant Prosecuting Attorney, for the People.

*George H. La Plata,* for defendant.

Lesinski, C. J. The defendant, Ricardo Limon, was charged with having committed the crime of unlawfully driving away a motor vehicle under CL 1948, § 750.413 (Stat Ann 1954 Rev § 28.645).

The elements of the crime are: (1) possession must be taken, (2) there must be driving or taking away, (3) done willfully, and (4) without authority.

The issue before the Court is whether there was sufficient evidence to establish the *corpus delicti* so as to allow the admission of the confession of the defendant into evidence.

The facts of this case are presented in the text of the opinion below.

The confession of the accused alone is insufficient to sustain a conviction for the crime with which he is charged. *People* v. *Lambert* (1858), 5 Mich 349 (72 Am Dec 49) (admission of previous marriage); *People* v. *Ranney* (1908), 153 Mich 293 (19 LRA [NS] 443) (confession that check was worthless); *People* v. *Kirby* (1923), 223 Mich 440 (confession of neglect).

Evidence must first be presented to establish the *corpus delicti* before the admissions of the accused can be put into evidence. *People* v. *Swetland* (1889), 77 Mich 53; *People* v. *Mindeman* (1909), 157 Mich 120.

Since the admissions of the accused cannot be used until the *corpus delicti* has been established, it is necessary to determine if the corroborative evidence is sufficient to establish the crime. The testimony justified a finding of the following facts:

(1) On December 29, 1964, at approximately 8:30 in the morning, Douglas Rindle left a 1963 4-door station wagon with keys in a parking lot located at Brush and Gratiot.

(2) When he returned to the lot after attending a party on December 30, 1964, at approximately 2:30 a.m., his car was gone.

(3) The lot was closed when Mr. Rindle returned.

(4) There was no attendant on the lot.

(5) He reported the car stolen.

(6) On December 30, 1964, at approximately 3 a.m., police officers were in the vicinity of the downtown YMCA after receiving a call that a man was going through cars.

(7) They observed the defendant, Ricardo Limon, standing between two parked vehicles in a parking lot located at Witherell and Columbia; he was the only man in the lot.

(8) The motor of one vehicle was running; the left door was open; the keys were in the ignition.

(9) The defendant was on the right side of the car; he claimed to be there for the purpose of urinating.

(10) He was taken back to the police station after the police discovered that the car with the running engine had been reported stolen.

These facts and circumstances sufficiently established the existence of the crime with which defendant was charged. Although the defendant was not seen driving the car, circumstantial evidence may be used to establish the *corpus delicti*. *People* v. *Hawksley* (1890), 82 Mich 71, 73.

In *Peterson* v. *Oceana Circuit Judge* (1928), 243 Mich 215, the Court held that proof of the *corpus delicti* may be made by circumstantial evidence, and the cited authorities forbid neither the drawing of reasonable inferences nor the weighing of probabilities.

The situation in the instant case is similar to one existing in *People* v. *Mindeman, supra,* where the defendant was seen near a safe and a few days later diamonds were found to be missing. The removal of the jewels without the authority of the owner was held to warrant the inference of larceny.

Thus, the removal of the car from where it was parked by the owner, without his permission, warranted the inference of larceny.

Once the existence of the crime was established, the guilt of the accused could be based on his own otherwise uncorroborated confession. *Smith* v. *United States* (1954), 348 US 147, 154 (75 S Ct 194, 99 L ed 192).

Defendant's second ground on appeal is that the confession was erroneously admitted into evidence because he was not represented by counsel at the

interrogation during which this confession was signed, although the defendant had requested same.

Although this question is raised for the first time on appeal, where there is an alleged denial of a constitutional right the fact that it is first raised on appeal does not preclude its consideration by the appellate court.

This philosophy was reaffirmed recently in the Federal courts by *Stanfield* v. *United States* (CA 10, 1965), 350 F2d 518, 519:

"'In criminal cases involving the life or liberty of the accused, the appellate courts of the United States may notice and correct grave errors which seriously affect substantial rights of the accused, although not challenged by objection or motion in the trial court.'"

In addition, it is noteworthy that the testimony clearly established the basis of the contention that defendant was denied counsel during the interrogation when he signed the confession. Furthermore, the admission of this confession was strenuously objected to by his counsel at trial, although the thrust of the objection was directed toward its inadmissibility on grounds other than absence of counsel.

It is therefore incumbent upon this Court to determine if the defendant was denied a constitutional right.

On June 13, 1966, the United States Supreme Court handed down its landmark decision of *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L ed 2d 694, 10 ALR3d 974), wherein the procedural safeguards which must surround in-custody interrogation are set forth with great specificity. The burden placed upon the prosecution in situations where such questioning leads to state-

ments from the accused which are later sought to be admitted in evidence against him is set forth as follows:

"If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the Government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. *Escobedo* v. *Illinois*, 378 US 478, 490, n. 14, (84 S Ct 1758, 1764, 12 L ed 2d 977). This Court has always set high standards of proof for the waiver of constitutional rights, *Johnson* v. *Zerbst*, 304 US 458 (58 S Ct 1019, 82 L ed 1461 [1938]), and we reassert these standards as applied to in-custody interrogation. Since the State is responsible for establishing the isolated circumstances under which the interrogation takes place and has the only means of making available corroborated evidence of warnings given during incommunicado interrogation, the burden is rightly on its shoulders." (p 475).

The absence of *corroborated evidence* of warnings given during the incommunicado interrogation in the instant case would, alone, be sufficient for reversal under *Miranda, supra.* However, the Supreme Court did not give *Miranda* retroactive effect. See *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L ed 2d 882).

There was disputed testimony in the record as to whether the defendant sought and was denied counsel. Defendant testified that he had made a request for counsel and the officer testified that he had not. The trial court, sitting as the trier of fact, decided this issue against the defendant. *Miranda, supra,* states in unambiguous language that a request is no longer to be considered a prerequisite.

"An individual need not make a preinterrogation request for a lawyer. While such request affirmatively secures his right to have one, his failure to ask for a lawyer does not constitute a waiver. No effective waiver of the right to counsel during interrogation can be recognized unless specifically made after the warnings we here delineate have been given." (p 470)

Thus in the future a determination that no request had been made will not be fatal to a claim of a denial of counsel during in-custody interrogation.

Although the holding in *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L ed 2d 977), is binding on this case since this trial began subsequent to its effective date, the situation presented here is not completely analogous since the trial court determined that there had been no denial of a request for counsel. *Escobedo, supra,* held (pp 490, 491):

"Where * * * the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, *the suspect has requested and been denied an opportunity to consult with his lawyer,* and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the assistance of counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' *Gideon* v. *Wainwright,* 372 US 335, 342 (83 S Ct 792, 9 L ed 2d 799, 804, 93 ALR2d 733), and that no statement elicited by the police during the interrogation may be used against him at a criminal trial." (Emphasis supplied.)

*Escobedo, supra,* does not apply since its language seems to necessitate a request and a denial of counsel to compel a reversal where a statement is introduced which was elicited during incommunicado, in-custody interrogation. *Miranda, supra,* does not apply because this trial preceded its effective date. However, we take this occasion to make it clear to the bar that this Court will give *Miranda* v. *Arizona, supra,* its full effect for cases arising after June 13, 1966.

The following events took place on the morning of the arrest: The arrest was made at 3 a.m.; the defendant was questioned at 8:15 a.m.; the statement was made and signed between 8:15 a.m. and 8:45 a.m.; defendant was assigned counsel at 9 a.m. by the court.

Defendant's statement to the police officers appears to have been made voluntarily and after he had been informed of his constitutional rights.

Affirmed.

T. G. KAVANAGH, J., concurred.

Although the late Judge WATTS was a member of the panel to which this matter was submitted, he took no part in the decision of this case.