WETZEL v. CADILLAC MUTUAL INSURANCE COMPANY

1. INSURANCE — AUTOMOBILES — THEFT — ATTACHMENT — JUDG-
MENT SALE.
  Insurance policy clause covering "theft, larceny, robbery or
    pilferage," *held,* to cover loss sustained by plaintiff when his
    automobile was taken without permission, involved in an ac-
    cident, attached under South Carolina law, and sold to satisfy
    a judgment granted to the driver of the other car involved
    in the accident.

2. INSURANCE—CONSTRUCTION OF POLICY.
  An insurance policy prepared by an insurer should be construed
    most strongly against it and liberally in favor of the insured.

3. INSURANCE—CONSTRUCTION OF POLICY.
  Language used in an insurance policy should, if possible, be so
    interpreted as to make it of some value to the insured.

4. INSURANCE—AUTOMOBILES—THEFT—WRONGFUL USE.
  An insurer is liable under a policy provision covering "theft,
    larceny, robbery or pilferage" for the diminution of value
    caused by the wrongful use of the one converting the car.

5. INSURANCE—AUTOMOBILES—THEFT—LEGAL PROCESS.
  The owner of an  automobile suffered a loss by theft within
    the meaning of an insurance policy on the automobile when
    his car was stolen, and the fact that it was rendered totally
    irrecoverable through the operation of legal process following
    an accident which the thief had while driving the stolen car
    does not change the cause of loss, which was the theft.

REFERENCES FOR POINTS IN HEADNOTES
[1, 4, 5] 44 Am Jur 2d, Insurance § 1399 *et seq.*
  Coverage of insurance policy against theft of property from motor
    vehicle. 2 ALR3d 809.
[2, 3] 43 Am Jur 2d, Insurance § 257.

Appeal from Common Pleas Court of Detroit, George D. Kent, J. Submitted Division 1 November 13, 1968, at Detroit. (Docket No. 4,347.) Decided April 22, 1969.

Complaint by Rosemary Wetzel and Carl Wetzel against Cadillac Mutual Insurance Company, a Michigan corporation, and Marine Savings Bank & Trust Company, a Michigan banking corporation, for breach of contract. Judgment for plaintiffs. Cadillac Mutual Insurance Company appeals. Affirmed.

*Cyrowski & Pasternacki,* for plaintiffs.

*Sugar, Schwartz, Silver, Schwartz & Tyler (Stuart A. Ulanoff,* of counsel), for defendant Cadillac Mutual Insurance Company.

BEFORE: Lesinski, C. J., and J. H. Gillis and W. J. Beer,* JJ.

Per Curiam. Defendant insurance company issued a limited policy of automobile insurance to plaintiff[1] which included coverage against theft of plaintiff's automobile. No coverage for personal injury or property damage was provided in the policy.

While training in South Carolina with the Michigan National Guard, plaintiff drove to a drinking establishment on the night of June 4, 1965. He parked and locked his car and went in. During the evening one of the men sitting at plaintiff's table asked to use his car, but plaintiff refused. Later, while preparing to leave, plaintiff left the group

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

1 "Plaintiff" in this opinion means Carl Wetzel. The other plaintiff is his mother, co-owner of the automobile.

for a few moments, leaving his car keys on the table. In his absence, the man whom plaintiff had refused the use of his car took the keys, drove off in plaintiff's car and was involved in an accident.

After the accident, the automobile was taken to a local garage. Later, at the police station, plaintiff inquired as to how to secure its return. At that point he was informed that an attachment had been issued against his car by the owner and operator of the other car involved in the accident. The attachment was made pursuant to § 45–551 of the South Carolna Code of Laws of 1962, which provides:

"When a motor vehicle is operated in violation of the provisions of law or negligently, carelessly, recklessly, willfully or wantonly and any person receives personal injury or property is damaged thereby or a cause of action for wrongful death arises therefrom, damages recoverable therefor shall be and constitute a lien next in priority to the lien for State and county taxes upon such motor vehicle, recoverable in any court of competent jurisdiction, and the person sustaining such damages or the personal representative of the deceased or any one or more of the beneficiaries for whom such cause of action shall be brought under §§ 10–1951 and 10–1952 for the benefit of all such beneficiaries may attach such motor vehicle in the manner provided by law for attachments in this State. But this lien shall not exist if the motor vehicle was stolen by the breaking of a building under a secure lock or when the vehicle is securely locked."

As a result of the attachment, plaintiff was unable to recover possession of his automobile. He thereupon notified the agent from whom he had purchased the insurance of what had transpired.

On July 2, 1965, an order of judgment and sale was entered in the Richland county court, South Carolina. The court determined the damages to the driv-

er of the other car to be $900 and entered an order confirming the sale. of plaintiff's car for. $1201 in full satisfaction of its judgment rendered.

On August 9, 1965, plaintiff filed a proof of loss with defendant. On June 13, 1967, plaintiff instituted suit against defendant claiming that defendant had breached its obligation under the insurance policy by failing to reimburse plaintiff for the total loss of his automobile.

Coverage G of defendant's insurance contract provides:

"To pay for loss of or damage to the automobile, hereinafter called loss, caused by theft, larceny, robbery or pilferage, but only for the amount of each such loss in excess of the deductible amount, if any, stated in the declarations as applicable hereto unless the entire automobile is taken, in which event the deduction shall not be made."

The trial court found that the taking of plaintiff's vehicle constituted a theft or larceny under coverage G and that plaintiff's loss was one for which coverage was provided thereunder. Judgment was entered for plaintiff in the amount of $1400 plus costs. This appeal is from the denial by the trial court of defendant's motion for new trial.

Defendant challenges the finding of the trial court that the taking of the automobile constituted larceny since there was no showing of an intent to permanently deprive plaintiff of his property. In light of *People* v. *Anderson* (1967), 7 Mich App 513, we concur with the trial court's determination that the requisite elements of larceny were present in this case.

The determinative issue on appeal is whether plaintiff sustained a loss for which coverage was provided under coverage G.

Defendant concedes that plaintiff suffered a loss but contends that it was not a loss "caused by theft,

larceny, robbery or pilferage" and that defendant is therefore not liable to plaintiff under coverage G., Defendant's assertion of nonliability is based on the proposition that the loss was caused, not by theft or larceny but pursuant to an attachment arising out of a liability claim for which there was no coverage. Defendant accuses plaintiff of attempting to extract liability coverage from theft coverage and denies any liability for damage to the person or property of the other driver resulting from the accident.

Plaintiff incurred no personal liability as a result of the accident and his claim is not, as defendant maintains, one of indemnity against liability. The attachment levied against plaintiff's automobile was an *in rem* attachment which prevented plaintiff from securing its return. It was not, however, as defendant urges, the cause of plaintiff's loss; plaintiff suffered a loss the moment he was wrongfully deprived of his automobile. The attachment merely determined the extent of the loss in that it rendered the car unrecoverable. A theft having deprived plaintiff of his automobile, we fail to see why plaintiff's rights under the policy should depend on what renders the automobile unrecoverable, absent fraud or collusion on plaintiff's part. To so hold would render plaintiff's rights dependent upon the misfortunes which the thief may encounter with the stolen automobile and would impose an unreasonable construction on the language of the contract.

"The proper construction of the policy is that it covers all damage resulting or which, in the contemplation of the parties, might result, from theft, which would include damages caused by reckless driving or handling of the car and storage of the same, *or any use which destroyed its value in whole or in part." Callahan* v. *London & Lancashire Fire*

*Insurance Company, Limited* (1917), 98 Misc 589 (163 NYS 322) *affirmed* 179 App Div 890 (165 NYS 1079). (Emphasis supplied.)

"The insurer is liable for the diminution of value caused by the wrongful use of the one converting the car." 5 Appleman, Insurance Law and Practice, § 3217.

As a result of the wrongful use by the thief in this case, plaintiff's automobile was attached and rendered unrecoverable. Plaintiff, under the insurance policy, was entitled to be made whole. The extent of his loss was the value of his automobile in its pre-theft condition.

Defendant contends that the "loss" coverage provided for in the insurance contract does not contemplate the situation where an automobile becomes unrecoverable after a theft because of intervening legal process. Under the contract, defendant agreed to pay "for loss of * * * the automobile * * * caused by theft, larceny, robbery or pilferage." The only restriction or limitation imposed on the loss is that it be caused by theft, *et cetera*. Here there was a theft resulting in a loss to plaintiff. If defendant, as preparer of the insurance policy, intended the types of loss for which it would be liable under coverage G to be more restricted, it could have so provided. An insurance policy prepared by an insurer should be construed most strongly against it and liberally in favor of the insured. *Gocha* v. *Fetterolf* (1961), 363 Mich 344; *Farm Bureau Insurance Company of Michigan* v. *Pedlow* (1966), 3 Mich App 478. The language used should, if possible, be so interpreted as to make it of some value to the insured. *Elliott* v. *Casualty Ass'n of America* (1931), 254 Mich 282.

Affirmed. Costs to appellees.