PEOPLE v O'CONNOR

1. CONSPIRACY—DEFINITION.

Criminal conspiracy is a mutual understanding or agreement between two or more persons, express or implied, to do or accomplish some criminal or unlawful act or purpose or to accomplish some lawful act or purpose not in itself criminal, but by criminal or unlawful means.

2. CONSPIRACY—EVIDENCE—SUFFICIENCY.

Proof of an overt act in pursuance of the conspiracy and proof of a formal agreement are not necessary to sustain a conviction of criminal conspiracy; it is sufficient if circumstances, acts, and conduct of the parties are such as to show an agreement in fact.

3. CONSPIRACY—EVIDENCE—CIRCUMSTANTIAL EVIDENCE.

The circumstances of a criminal conspiracy must be proved by evidence sufficient to prove the defendant's guilt beyond a reasonable doubt whenever circumstantial evidence is relied upon for a conviction of conspiracy.

4. CONSPIRACY—EVIDENCE—CIRCUMSTANTIAL EVIDENCE—SUFFICIENCY.

A conviction of conspiracy to commit a breaking and entering was not justified and not supported by sufficient evidence where the testimony of all the witnesses amounted to only these four pieces of circumstantial evidence: (1) defendant's presence in the vicinity of the crime; (2) his association with the confessed perpetrators of the breaking itself; (3) defendant's admitted after-the-fact knowledge of the crime and his alleged discussion of the crime which was testified to by only one witness who described the discussion as totally one-sided with the defendant not participating in it or assenting to the break-in; and (4) defendant's alleged admission that he was "in on it", which was

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Conspiracy §§ 1, 43.
[2, 4] 16 Am Jur 2d, Conspiracy § 34.
[3, 4] 16 Am Jur 2d, Conspiracy §§ 36, 59.
[5] 21 Am Jur 2d, Criminal Law § 226.

extensively disputed by the defense counsel and which the trial judge excluded as potential substantive evidence of the crime.

5. CRIMINAL LAW—WITNESSES—DISBELIEF—FINDINGS OF FACT.

Mere disbelief in a witness's testimony does not justify a conclusion that the opposite is true without other sufficient evidence supporting that conclusion.

Appeal from Tuscola, Norman A. Baguley, J. Submitted Division 2 June 4, 1973, at Lansing. (Docket No. 14740.) Decided July 25, 1973.

Michael O'Connor was convicted of conspiracy to commit the crime of breaking and entering with intent to commit a felony. Defendant appeals. Reversed.

*Forrest T. Walpole,* for defendant on appeal.

Before: HOLBROOK, P. J., and DANHOF and ADAMS,* JJ.

HOLBROOK, P. J. Defendant was found, after trial without jury, guilty of conspiring to commit the crime of breaking and entering with intent to commit a felony, contrary to MCLA 750.157a; MSA 28.354(1). He was sentenced July 5, 1972, to three years probation with the first 30 days in the Tuscola County Jail and $400 fine and costs. Defendant appeals claiming there was insufficient evidence introduced at trial to support his conviction for conspiracy.

Criminal conspiracy is a mutual understanding or agreement between two or more persons, expressed or implied, to do or accomplish some criminal or unlawful act or purpose or to accomplish some lawful act or purpose not in itself criminal, but by criminal or unlawful means. *People v Fred W Thomas,* 7 Mich App 519; 152 NW2d 166 (1967).

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

To sustain a conviction of conspiracy to commit a crime, proof of an overt act in pursuance of the conspiracy is not required. *People v Rosen,* 18 Mich App 457; 171 NW2d 488 (1969). Proof of formal agreement is unnecessary to support a finding of guilt on a charge of criminal conspiracy, and it is sufficient if circumstances, acts, and conduct of the parties are such as to show agreement in fact. *Thomas, supra; People v Huey,* 345 Mich 120; 75 NW2d 893 (1956). However, whenever circumstantial evidence is relied upon for a conviction, the circumstances must be proved and cannot be presumed. *People v Eaves,* 4 Mich App 457, 462; 145 NW2d 260, 263 (1966). There must be sufficient evidence to prove defendant's guilt beyond a reasonable doubt. *People v Hubbard,* 19 Mich App 407; 172 NW2d 831 (1969).

Given that basis in the law we are compelled by our review of the facts to find that the defendant's conspiracy conviction was unwarranted. Defendant, aged 17 years, his 15-year-old stepbrother George Buniack, and his 29-year-old uncle Gary O'Connor were arrested for the early morning break-in of a small lawnmower repair shop and service station. Candy bars, cigarettes, some gloves, a soldering gun, and a few pennies were stolen in the break-in. Buniack was handled in Probate Court and Gary O'Connor pled guilty to a reduced charge of simple larceny. Buniack testified the three left a restaurant together the evening of the break-in in a car driven by the defendant and drove through the town of Caro a couple of times, until he expressed a desire to go to the bathroom. The car was stopped a block or two from the site of the break-in. Buniack testified he and Gary O'Connor got out of the car to go to the bathroom, and then walked to the gas station and broke in,

returning shortly with their contraband to the car, where they found the defendant in the back seat asleep. The defendant was then awakened so he could drive the car. Buniack testified that they decided to break into the gas station when they got out of the car to go to the bathroom. While he acknowledged that the breaking into the gas station was discussed with the three of them present, he qualified his statement by saying, "in a sense, he [the defendant] did, but he wasn't answering any of the questions". On cross-examination Buniack stated the defendant did not participate in any of the conversations about the break-in and that he was in error in answering affirmatively to the question put to him at the time he gave his statement "Did Mike know that you and Gary was going to break into the building?"

Deputy Sheriff Southworth testified that the defendant admitted to him that he was "in on it". This testimony was extensively disputed by defense counsel, apparently so much so that the trial judge decided to ignore Southworth's testimony as substantive evidence of the crime. Detective Bruce Tait testified that he questioned the defendant about the break-in and that defendant told him he knew about the break-in because the others told him about it, but he denied discussing it beforehand or sharing the loot afterward.

Gary O'Connor was called as a defense witness and stated only he and Buniack participated in the break-in. He further testified that the discussion as to the break-in between him and Buniack occurred after they had gotten out of the car, that the defendant stayed in the car and was sleeping in the back seat when he and Buniack returned after the break-in.

Defendant took the stand on his own behalf,

denied any participation in the crime, denied he told Detective Southworth that he was "in on it", and claimed he learned of the break-in only after it occurred.

What the testimony of all the witnesses amounted to was four pieces of circumstantial evidence: (1) defendant's presence in the vicinity of the crime; (2) his association with the confessed perpetrators of the break-in itself; (3) his alleged discussion of and admitted after-the-fact knowledge of the crime; and (4) his alleged admission that he was "in on it". The trial judge himself excluded the last item as potential substantive evidence of the crime. As for item 2, defendant's association with those involved in the break-in is alone insufficient to establish his participation in a conspiracy. *People v Sobczak,* 344 Mich 465, 469; 72 NW2d 921, 923 (1955); *Rosen, supra,* at p 466. What is left as evidence of the alleged conspiracy is defendant's presence two blocks away from the crime, and his alleged discussion of the crime. According to Buniack the discussion was totally one-sided, with the defendant not participating in it or assenting to the break-in. The trial judge felt that:

"There's one thing that was brought out very clearly that supports what Mr. Buniack said about the defendant hearing the discussions regarding breaking into the building. Defendant said that Gary O'Connor would not drive his car, that's why he was driving it. And that George Buniack obviously was not old enough to drive the automobile. There was only one person left. Then it becomes quite apparent that there was an understanding that the defendant was going to drive that car away after the breaking and entering was committed."

However, defendant had been driving the car in the first place and could be expected to continue to do so, since Buniack was under age, and as Bun-

iack testified "my uncle wouldn't drive the car because he didn't like driving my father's car, because he didn't want to get in any trouble with it".

The trial judge also emphasized his disbelief of Buniack's and Gary O'Connor's testimony:

"He also testified that the stolen goods were taken back to the car and that the defendant drove it away. I can say in all sincerity, I have a great deal of difficulty in accepting the bulk of Mr. Buniack's testimony. And for the same reason that of Mr. Gary O'Connor.

"The old adage about 'When thieves fall out,' seems to apply when thieves stick together. It's difficult enough to get two people to tell the same story truthfully about something that happened. It's practically impossible to get them to tell the same story when they lie."

Mere disbelief in a witness's testimony does not justify a conclusion that the opposite is true without other sufficient evidence supporting that conclusion. *People v Matthews,* 17 Mich App 48; 169 NW2d 138 (1969).

The threads which tie this alleged conspiracy together are too weak in our minds to justify defendant's conviction. On one hand criminal conspiracy is a difficult crime to prove, since it deals with the subjective state of mind of the conspiracy's participants. On the other hand, however, conspiracy is an easy crime to charge, since proof of a mere agreement, without a showing of any overt act in perpetration of the agreement, is all that is necessary for conviction. While we note that the trial judge's handling of this case was exemplary, we are forced to conclude that the guilty verdict was not supported by sufficient evidence beyond a reasonable doubt.

Reversed.

All concurred.