PEOPLE v TALLEY

PEOPLE v CUNNINGHAM

PEOPLE v COTTON

OPINION OF THE COURT

1. CRIMINAL LAW—UNLAWFULLY DRIVING VEHICLE—ELEMENTS—CIRCUMSTANTIAL EVIDENCE—INNOCENT THEORY—BURDEN OF PROOF.

A charge of unlawfully driving away a motor vehicle requires that the prosecution prove that the accused (1) took possession of the vehicle, (2) drove or took it away, (3) willfully, and (4) without authority; where the people's case is based on circumstantial evidence the prosecution has the burden of proving that there is no possible innocent theory which will, without violation of reason, accord with the facts.

2. CRIMINAL LAW—EVIDENCE—CIRCUMSTANTIAL EVIDENCE—IMPELLING CERTAINTY—REASONABLE THEORY OF INNOCENCE.

It cannot be said with impelling certainty that persons seen taking baked goods from a parked truck had previously participated in unlawfully driving the truck away; where the evidence presented leaves a reasonable possibility that the truck was taken by someone else and abandoned prior to the defendants' acts, the prosecution has failed to negate every reasonable theory consistent with defendants' innocence and reversal is required.

DISSENT BY V. J. BRENNAN, P. J.

3. CRIMINAL LAW—EVIDENCE—UNLAWFULLY DRIVING VEHICLE—CIRCUMSTANTIAL EVIDENCE—REASONABLE HYPOTHESIS OF INNOCENCE.

*A jury may draw reasonable inferences from facts established by circumstantial evidence and may infer guilt from such evidence*

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 303 *et seq.,* 340, 341.

50 Am Jur 2d, Larceny § 9 *et seq.*

*where the facts proven tending to show guilt are consistent with each other, clearly indicate the guilt of the defendant, and are inconsistent with any other reasonable hypothesis upon which defendant's innocence may be maintained; there is no reasonable hypothesis which could reasonably explain the presence of three defendants in an alley removing goods from a truck stolen five or ten minutes earlier which is consistent with their innocence, and it cannot be said that anyone else was as likely to have unlawfully driven the truck away.*

Appeal from Recorder's Court of Detroit, John P. O'Brien, J. Submitted October 14, 1975, at Detroit. (Docket Nos. 21803, 21425, 21543.) Decided February 9, 1976. Leave to appeal applied for.

Duane E. Talley, James Cunningham and Carl R. Cotton were convicted of unlawfully driving away a motor vehicle. Defendants appeal. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Timothy A. Baughman* and *Robert M. Morgan,* Assistants Prosecuting Attorney, for the people.

*Juste A. Rosati,* for defendant James Cunningham.

*Neal Bush,* for defendant Duane Talley.

*Ostrowski, Wilson, Belanger & Bowman, P. C.,* for defendant Russell Cotton.

Before: V. J. BRENNAN, P. J., and BASHARA and R. M. MAHER, JJ.

R. M. MAHER, J. Defendants were initially charged with unlawfully driving away a motor

vehicle, MCLA 750.413; MSA 28.645, and receiving
or concealing stolen property valued in excess of
$100, MCLA 750.535; MSA 28.803. At the prelimi-
nary examination, the value of the property was
established at less than $100 and the prosecution
moved to dismiss count two, receiving or conceal-
ing stolen property. The motion was granted and
defendants were bound over for trial on the charge
of unlawfully driving away a motor vehicle. A jury
found them guilty and each defendant was sen-
tenced to a term of from 40 to 60 months in
prison. Defendants appeal and we reverse.

On February 11, 1974, at approximately 2:30 to
2:45 p.m., George Sharpe parked his Farm Crest
Bakery truck in front of 12501 Linwood Avenue,
left the engine running, the doors unlocked, and
went into a drug and liquor store. Five to ten
minutes later, Mr. Sharpe saw his truck being
driven away. He could not see who was driving the
truck or how many people were in it. ·

Between 2:30 and 3 p.m. that same day, Charles
Jones, a Michigan Bell repairman, was standing
on the porch of 12120 Wildemere. Mr. Jones no-
ticed a Farm Crest Bakery truck in the alley about
100 feet from where he was standing. The truck
was there when he arrived and next to the truck
was a Buick with its trunk open. Mr. Jones saw
one person standing near the back of the car and
two people moving things from the truck. He
never saw anyone in the truck but identified the
three defendants in this case as the people he saw.
It was not a positive identification, only that they
looked familiar. After watching the three get into
the Buick and drive off, a police car approached.
Mr. Jones told the officers what he had seen,
describing the Buick as "gold with a dark top, a
deuce and a quarter". Mr. Sharpe later identified

the truck in the alley as his and found merchandise to be missing.

At approximately 2:50 to 3 p.m., at the intersection of Davison and Linwood, police officers saw a 1967 Buick Electra 225. The officers had received information concerning a black over gold Buick containing three males. The car pulled into an A& P parking lot and four people got out. As they were walking toward the store, they were stopped. An officer went over to the car, looked in through the rear window and saw what appeared to be baked goods. He entered the car, moved a plywood board, and found boxes of Farm Crest doughnuts.

As previously stated, defendants were initially charged with unlawfully driving away a motor vehicle, a felony, and receiving or concealing stolen property over $100, also a felony. When testimony at the preliminary examination valued the property at under $100, reducing the second count to a misdemeanor, that count was dropped. It appears from the testimony in this case, that defendants could properly have been charged with breaking or entering a "motor vehicle * * * for the purpose of stealing or unlawfully removing therefrom any goods, chattels or property of the value of not less than $5", MCLA 750.356a; MSA 28.588(1), a felony. However, defendants were tried for unlawfully driving away a motor vehicle which requires that the prosecution prove that they: (1) took possession of the vehicle, (2) drove or took it away, (3) wilfully, and (4) without authority. *People v Limon,* 4 Mich App 440, 442; 145 NW2d 287 (1966).

The evidence regarding the crime charged here is entirely circumstantial. "[W]here the people's case is based on circumstantial evidence the prosecution has the burden of proving 'that there is no

innocent theory possible which will, without viola-
tion of reason, accord with the facts' ". *People v
Davenport,* 39 Mich App 252, 256; 197 NW2d 521
(1972). (Citations omitted.) Defendants cannot be
convicted because *someone* unlawfully drove away
Mr. Sharpe's truck.

The prosecution in the present case attempted to
show, by a close time sequence, that the three
persons seen taking baked goods from a parked
truck unlawfully drove that truck away from the
drug and liquor store. There is no question here of
conspiracy to commit the illegal act, MCLA
750.157a; MSA 28.354(1), since that was not
charged; nor would the evidence support a theory
of aiding or abetting the commission of the offense,
MCLA 767.39; MSA 28.979, since such a charge
must relate in this case to the taking of the truck,
not its contents. Can it be said, then, with "impell-
ing certainty", see *People v Davenport, supra,* that
persons taking baked goods from a parked truck,
driven to the spot minutes earlier, participated in
unlawfully driving it away?

The fact that three men moved baked goods
from a stolen truck minutes after the truck had
been unlawfully driven away by some person or
persons, does not lead inevitably to the conclusion,
that those men were guilty of having unlawfully
driven away that truck. It is possible that any or
all of the defendants began taking baked goods
from the truck independent of the truck's taking.
The truck was unlocked and its engine running
when taken from the drug and liquor store. There
is a reasonable possibility that the taking of the
truck was not planned and that whoever did drive
away with the truck in the first place had parked
it by the time any or all of the defendants arrived
at the alley. Therefore, the prosecution in this case

failed to negate every reasonable theory consistent with defendants' innocence of the crime charged. See *People v Parks,* 57 Mich App 738, 744; 226 NW2d 710 (1975).

Defendants' convictions are reversed without a new trial.

Bashara, J., concurred.

V. J. Brennan, P. J. *(dissenting).* I must respectfully dissent from my brother's opinion.

The majority relies on *People v Davenport,* 39 Mich App 252; 197 NW2d 521 (1972), for the proposition that "where the people's case is based on circumstantial evidence the prosecution has the burden of proving 'that there is no innocent theory possible which will, without violation of reason, accord with the facts' ". (Citations are omitted.) A careful reading of *Davenport* convinces me that it is inapposite to the case at bar. In *Davenport* the defendant was charged with possession of heroin. The evidence consisted of a quantity of heroin found in a brown bottle contained in a bag in the basement of a house occupied by the defendant and three other persons. The bag also contained small plastic containers, one of which was labelled as a prescription for another resident of the house, and one of which was labelled as a prescription for the defendant. The Court reasoned, therefore, that since there was no evidence linking the defendant with the brown bottle or the bag, and since there were, therefore, innocent theories—unrebutted by any evidence—which accorded with the facts, that the prosecution had not borne its burden of proving that there was no innocent theory which would, without violation of reason, accord with the facts. The Court reasoned that it was *as likely* that anyone else living in the house, who would have

had equal access to the basement, was in fact the possessor of the heroin. See *Davenport, supra,* 257.

In the case at bar the facts are substantially different and stand uncontroverted. The complainant parked his truck and left the engine running and went into a drug and liquor store. Five or ten minutes later police officers found the truck parked nearby in an alley with some of the merchandise missing. An eyewitness at the scene observed the three defendants removing goods from the truck and placing them in a Buick described as "gold with a dark top, a deuce and a quarter". This eyewitness later identified the three defendants as the people he saw. Within five minutes or so, police officers saw a 1967 Buick Electra 225 fitting the description of the car given by the eyewitness. When they approached the car and looked in through the window into the back seat they saw what appeared to be baked goods, which, upon closer examination, turned out to be goods such as those missing from the complainant's truck. This entire sequence of events occurred within minutes (possibly as few as 15 or 20 minutes) of the time the complainant observed his truck being driven away.

A jury may draw reasonable inferences from facts established either by direct or circumstantial evidence, but may not indulge in inferences wholly unsupported by any evidence. *People v Weyonen,* 247 Mich 308; 225 NW 552 (1929). Further, in order to allow a jury to infer the guilt of a defendant from circumstantial evidence, the facts proven tending to show the guilt of the defendant must be consistent with each other and must not only clearly indicate the guilt of the defendant, "but must be inconsistent with any other *reasonable hypothesis* upon which his innocence may be

maintained". 2 Gillespie, Michigan Criminal Law and Procedure (2d Ed), § 906, p 1216. (Emphasis added.) Here, unlike *Davenport, supra,* it cannot be said that it was "as likely" that anyone else who would have had equal access to complainant's truck unlawfully drove it away. In the case at bar I think the prosecution carried its burden by the showing of uncontroverted facts, clearly pointing to the guilt of the defendants, and which were inconsistent with any other *reasonable hypothesis* upon which their innocence might be maintained. Certainly, no reasonable hypothesis comes to my mind which could possibly explain the facts of this case consistent with the innocence of the defendants, and, it is noteworthy that the defendants did not favor the trial court with any such theory except for some brief statements in closing arguments by the defendants' counsel. Finally, the jury was properly charged, and after hearing all the evidence, found the defendants guilty. I would not take this matter out of the hands of the jury.

I have carefully examined the other allegations of error and have found them to be without merit and not of a compelling enough nature to warrant decisional discussion.

I would affirm.