PEOPLE v GOODCHILD

1. Homicide—Felony Murder—Larceny—Larceny of Any Kind—
Automobiles—Statutes—Unlawful Taking of Automobile.

The felony of unlawfully driving away a motor vehicle is not
"larceny of any kind" pursuant to the felony murder statute
because larceny requires proof of an intent to permanently
deprive an owner of his property, while unlawfully driving
away a motor vehicle does not (MCLA 750.316, 750.413; MSA
28.548, 28.645).

2. Statutes—Penal Statutes—Construction.

Penal statutes are to be strictly construed.

3. Criminal Law—Preliminary Examination—Charged Offenses
—Probable Cause.

The prosecution, at a preliminary examination, need show only
that the charged offense was committed and that there was

---

References for Points in Headnotes

[1, 5, 6] 7 Am Jur 2d, Automobiles and Highway Traffic § 303 *et seq.*
50 Am Jur 2d, Larceny § 35 *et seq.*

[2] 50 Am Jur 2d, Statutes § 293 *et seq.*

[3, 4, 7, 8, 11, 12] 21 Am Jur 2d, Criminal Law § 442 *et seq.*

[9] 75 Am Jur 2d, Trial § 417.

[10] 40 Am Jur 2d, Homicide §§ 71, 72.

[11] 4 Am Jur 2d, Appeal and Error §§ 78 *et seq.,* 425.
Appealability of order pertaining to pretrial examination, discovery,
interrogatories, production of books and papers, or the like. 37
ALR2d 586.

[13] 40 Am Jur 2d, Homicide §§ 46, 51, 269.

[14] 40 Am Jur 2d, Homicide §§ 46, 47, 72.

[15] 21 Am Jur 2d, Criminal Law § 18 *et seq.*

[16] 40 Am Jur 2d, Homicide § 525 *et seq.*

[17] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 44, 46.
29 Am Jur 2d, Evidence §§ 104, 114 *et seq.,* 205.
Judicial notice of diseases or similar conditions adversely affecting
human beings. 72 ALR2d 554.

[18] 76 Am Jur 2d, Trial § 1155 *et seq.*
Inconsistency of criminal verdict as between different counts of
indictment or information. 18 ALR3d 259.

probable cause that the defendant committed it in order to bind the defendant over for trial.

4. CRIMINAL LAW—PRELIMINARY EXAMINATION—BINDING DEFEND-ANT OVER—ELEMENTS—INTENT—INFERRED INTENT.

There must be evidence presented at a preliminary examination on each element of a crime charged or evidence from which those elements may be inferred in order to bind a defendant over for trial; however, an intent element may be inferred from the act itself.

5. CRIMINAL LAW—AUTOMOBILES—UNLAWFUL TAKING OF AUTOMO-BILE—LARCENY—PROSECUTORIAL DISCRETION—INTENT TO STEAL.

The prosecution, in a case involving the unlawful taking of an automobile, has the discretion of charging a defendant with unlawfully driving away a motor vehicle in lieu of larceny so as to dispense with the need to prove intent to steal, where the prosecution believes that the evidence so warrants.

6. CRIMINAL LAW—PRELIMINARY EXAMINATION—AUTOMOBILES—UN-LAWFUL TAKING OF AUTOMOBILE—FELONIOUS INTENT.

Evidence presented at a preliminary examination supports the inference that whoever took an automobile did so with feloni-ous intent to steal where there was evidence that an automo-bile was taken without the owner's consent and against his will, evidence of an asportation, evidence that shortly after the taking the driver of the stolen vehicle killed a police officer by running the officer's vehicle off the road during a chase, and evidence that the driver abandoned the vehicle after the event.

7. CRIMINAL LAW—PRELIMINARY EXAMINATION—EXAMINING MAGIS-TRATE—CONFLICTING EVIDENCE—REASONABLE DOUBT—JURY QUESTION.

It is not the function of an examining magistrate at a prelimi-nary examination to carefully weigh the evidence and dis-charge an accused when the evidence conflicts or raises a reasonable doubt of guilt; such questions should be left to the jury.

8. CRIMINAL LAW—PRELIMINARY EXAMINATION—AUTOMOBILES—UN-LAWFUL TAKING OF AUTOMOBILE—CONFLICTING TESTIMONY—IN-TENT—CIRCUMSTANTIAL EVIDENCE.

A magistrate at a preliminary examination was not precluded from binding a defendant over on a charge of murder during the perpetration of a larceny where there was circumstantial evidence to support the inference that the requisite intent was

present, although there was testimony tending in part to negate the intent required for larceny.

9. JURY—WITNESSES—EVIDENCE—TESTIMONY—DISREGARD OF TESTIMONY.

A jury may disregard all or part of the testimony of a witness; however, mere disbelief in a witness's testimony does not . justify a conclusion that the opposite is true without sufficient evidence supporting that conclusion.

10. HOMICIDE—FELONY MURDER—ENUMERATED FELONY.

A homicide in the course of a felony which is enumerated in the first-degree felony murder statute is not, without more, felony murder.

11. CRIMINAL LAW—APPEAL AND ERROR—PRELIMINARY EXAMINATION —FINDING OF MAGISTRATE—ABUSE OF DISCRETION.

The findings of an examining magistrate, at a preliminary examination, will only be reversed for an abuse of discretion.

12. CRIMINAL LAW—PRELIMINARY EXAMINATION—FELONY MURDER— SECOND-DEGREE MURDER.

An examining magistrate did not abuse his discretion in binding a defendant over on charges of felony murder and second-degree murder where the record shows that there was a felony plus homicide plus malice.

13. CRIMINAL LAW—PRELIMINARY EXAMINATION—FINDINGS OF MAGIS- TRATE—MALICE—DEATH—GREAT BODILY HARM—DEFENDANT'S CONDUCT—ABUSE OF DISCRETION.

An examining magistrate did not abuse his discretion in finding malice from a defendant's conduct where the defendant was driving a vehicle at approximately 100 m.p.h. while repeatedly swerving the vehicle to block passage of a pursuing police car, striking the vehicle in which the police officers were riding and . running them off the road; malice may be implied where the conduct complained of naturally tends to result in death or great bodily harm.

14. HOMICIDE—FELONY MURDER—FIRST-DEGREE MURDER—SECOND-DE- GREE MURDER—LESSER INCLUDED OFFENSES.

There are lesser included offenses to first-degree felony murder, and second-degree murder is always a lesser included offense of first-degree murder.

15. CRIMINAL LAW—MULTIPLE PUNISHMENT—REMEDY.

The remedy for multiple punishment for one offense is to expunge the lesser charge.

16. HOMICIDE—FIRST-DEGREE MURDER—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY.

In every trial for first-degree murder, including felony murder, the trial court is required to instruct the jury *sua sponte,* even over objection, on the lesser included offense of second-degree murder (MCLA 750.316, 750.317; MSA 28.548, 28.549).

17. CRIMINAL LAW—TESTIMONY—MARIJUANA.

Introduction of testimony by the prosecution which showed that a defendant had used marijuana on the day the defendant committed a crime did not result in a miscarriage of justice.

18. CRIMINAL LAW—INCONSISTENT VERDICTS—RATIONAL BASIS—INVOLUNTARY MANSLAUGHTER—ASSAULT WITH INTENT TO DO GREAT BODILY HARM.

Inconsistent verdicts cannot stand unless they can be explained on a rational basis; verdicts of involuntary manslaughter and assault with intent to do great bodily harm arising out of a single action by a defendant are reversibly inconsistent where there is no rational basis for explaining the verdicts under the evidence.

Appeal from Delta, Bernard H. Davidson, J. Submitted March 2, 1976, at Grand Rapids. (Docket No. 24118.) Decided March 25, 1976. Leave to appeal denied, 397 Mich 830.

Robert J. Goodchild was convicted of involuntary manslaughter and assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed in part and reversed in part.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Tony I. Marcinkewciz,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Keith D. Roberts,* Assistant Attorney General, of counsel), for the people.

*Roger L. Wotila,* Assistant State Appellate Defender, for defendant.

Before: DANHOF, P. J., and D. E. HOLBROOK and ALLEN, JJ.

ALLEN, J. Defendant appeals by right from his conviction of involuntary manslaughter, MCLA 750.321; MSA 28.553, and assault with intent to do great bodily harm less than murder, MCLA 750.84; MSA 28.279.

Defendant, a juvenile, took an automobile, and was spotted by police with his headlights off.[1] A high speed chase ensued, joined by state troopers. Defendant made several attempts to block police from passing him. He eventually drove the state police car off the road and into a tree. One trooper was killed and the other seriously injured.

At defendant's preliminary examination on a complaint charging premeditated murder, murder during the perpetration of a larceny,[2] and assault with intent to murder, the district court found, among other things, the proofs were insufficient as to premeditated murder but, as to felony murder, it ruled:

"The Court specifically finds that the People have proven a felony here, under [MCLA] 750.413 [MSA 28.645], and that it is not necessary to establish specific intent to permanently deprive the owner of possession of a motor vehicle in order to establish the crime of auto theft in terms of that statute. People have estab-

---

[1] At the time of the taking of the automobile defendant had a companion with him. However, defendant had dropped him off before the tragic incident took place.

[2] "Count II: did feloniously while in the perpetration or attempted perpetration of a larceny or attempted larceny, to wit: theft of a 1964 Chevrolet automobile License #BCW-307 and/or use of that automobile, did kill and murder one Darryl Rantanen; *contrary to* Sec. 750.316 C.L. 1948, as amended, MSA 28.548."

lished the less specific intent of larceny and have shown the classic elements of a larceny of the motor vehicle in question, as an asportation of, with felonious intent without the owners' consent, and against his will.

"The auto theft felony statute, [MCLA] 750.413 [MSA 28.645], is still a statutory crime and the question remains, is that a larceny under the language of [MCLA] 750.316 [MSA 28.548], making a First Degree Murder to kill and murder one Darryl Rantanen, in the course of a larceny?

"The Court finds that the larceny, the elements established in the auto theft would amount to a larceny. It says a larceny of any kind. That these are the common law elements and that that has been established."

Defendant's pretrial motion in circuit court to quash the amended information as to felony murder[3] was denied on the grounds that intent to permanently deprive another of his property is not an essential element of either larceny or a violation of MCLA 750.413; MSA 28.645. Subsequently, the court corrected itself, acknowledging that intent to permanently deprive one of his property is an essential element of larceny. Nevertheless, the court denied defendant's motion for a directed verdict on the grounds that the question of intent was for the jury.

On appeal, defendant claims error in binding him over on a charge of felony murder since unlawfully driving away an automobile under MCLA 750.413; MSA 28.645, is not an enumerated felony. He argues that the circuit court erred in not quashing the information or directing a verdict of acquittal on the count. The people maintain that defendant's conduct might be interpreted as larceny of an automobile plus murder, that it was within the discretion of the prosecutor to so

---

[3] In the amended information, Count II of the complaint became Count I but the wording thereof remained unchanged.

charge, and that Count II of the complaint and Count I of the amended information did so charge.

MCLA 750.316; MSA 28.548 defines first-degree murder in pertinent part:

"All murder * * * which shall be committed in the perpetration, or attempt to perpetrate * * * larceny of any kind."

In resolving the initial issue whether the statutory crime of unlawfully driving away a motor vehicle[4] constitutes a "larceny of any kind", we note the principle that penal statutes are to be strictly construed. *People v Goulding,* 275 Mich 353, 360; 266 NW 378 (1936). The essential elements of a larceny are:

"(1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with a felonious intent, (4) the subject matter must be the goods or the personal property of another, (5) the taking must be without the consent and against the will of the owner." *People v Wilbourne,* 44 Mich App 376, 378; 205 NW2d 250 (1973).

The felonious intent required for larceny, *animus furandi,* is an intent to permanently deprive the owner of his property.[5] The elements of unlawfully driving away a motor vehicle contrary to MCLA 750.413; MSA 28.645, consist of (1) taking posses-

---

[4] MCLA 750.413; MSA 28.645.

[5] *People v Stanley,* 349 Mich 362; 84 NW2d 787 (1957), *People v Cummins,* 47 Mich 334; 11 NW 184 (1882), *United States v One 1941 Chrysler Brougham Sedan,* 74 F Supp 970 (ED Mich, 1947). *Also see* Clark & Marshall, Crimes (6 ed), § 12.04, p 730, 2 Wharton's Criminal Law & Procedure, § 452, p 80, 15 Mich Law & Practice, Larceny, § 2, p 371, 50 Am Jur 2d Larceny § 36, pp 194–197. *Compare Wetzel v Cadillac Mutual Insurance Co,* 17 Mich App 57, 60; 169 NW2d 128 (1969).

sion of a vehicle, (2) driving or taking it away, (3) willfully, and (4) without authority. *People v Limon,* 4 Mich App 440, 442; 145 NW2d 287 (1966), *People v Talley,* 67 Mich App 239; 240 NW2d 496 (1976). It is evident, and our Supreme Court has so ruled, that unlawfully driving away an automobile does not require proof of an intent to permanently deprive the owner of his property and is therefore not larceny. *People v Stanley, supra.* Also see, *People v Lerma,* 66 Mich App 566; 239 NW2d 424 (1976), *People v Davis,* 36 Mich App 164; 193 NW2d 393 (1971).

Granting the district court erred in determining that unlawfully driving away a motor vehicle equals larceny for the purpose of felony murder, we are persuaded that the district court did not abuse its discretion in binding defendant over on a charge of murder during perpetration of a larceny. The prosecution is not required at the preliminary examination to prove that a defendant is guilty beyond a reasonable doubt. The prosecution must show that the charged offense was committed and there is probable cause defendant committed it. *People v Asta,* 337 Mich 590, 609; 60 NW2d 472 (1953). However, to bind one over "there must be evidence on each element of the crime charged or *evidence from which those elements may be inferred*". *People v Oster,* 67 Mich App 490; 241 NW2d 260 (1976). An intent element "may be inferred from the act itself". *People v Medley,* 339 Mich 486, 493; 64 NW2d 708 (1954).

In cases involving the taking of an automobile, the prosecution will often charge unlawfully driving away a motor vehicle in lieu of larceny so as to dispense with the need to prove "intent to steal". If the prosecution believes the evidence so warrants it has the discretion to charge one with

either crime. *Cf. People v Sanford,* 65 Mich App 101; 237 NW2d 201 (1975).

In the case at bar the preliminary examination transcript contains evidence that a motor vehicle belonging to one Meyer in Escanaba was taken without his consent and against his will. There is evidence of an asportation, evidence that shortly after the taking, the driver of the vehicle killed a police officer by running the latter's vehicle off the road during a chase, and evidence that the driver abandoned the vehicle after the tragic event. From the above evidence, it could be inferred that whoever took the automobile did so with felonious intent to steal.

Prosecution witness Joseph Dahn testified at the preliminary examination that while he and the defendant were in Escanaba, defendant suggested that they steal a car. They found a vehicle with keys and drove to the witness's residence in nearby Gladstone. He testified that they intended to abandon the vehicle, but when they arrived in Gladstone, defendant said he desired to ride around a little longer. On cross-examination Dahn testified that they took the automobile because they were too tired to hitchhike and that before driving away defendant indicated to him that he would leave the vehicle somewhere in Gladstone.

Admittedly, witness Dahn's testimony was conflicting. However, "it is not the function of the examining magistrate to carefully weigh the evidence and discharge the accused when the evidence conflicts or raises a reasonable doubt of his guilt; such questions should be left for the jury". *People v Oster, supra,* at 496. When circumstantial evidence supports an inference with regard to intent, should other testimony tending in part to negate the intent necessarily preclude a magis-

trate from binding the defendant over on the charge? We do not believe it should. A jury has the right to disregard all or part of the testimony of a witness. *People v Berthiaume,* 59 Mich App 451; 229 NW2d 497 (1975). Of course, "[m]ere disbelief in a witness's testimony does not justify a conclusion that the opposite is true without other sufficient evidence supporting that conclusion". *People v O'Connor,* 48 Mich App 524, 529; 210 NW2d 805 (1973). We believe that the conduct of the defendant coupled with the testimony of witness Dahn that defendant suggested they steal an automobile was sufficient to bind defendant over on the charge even though other testimony pointed to the conclusion that defendant did not intend to permanently deprive Mr. Meyer of his property.[6]

Defendant also contends that it was error to bind appellant over on a charge of felony murder for yet another reason, *viz.:* there was no finding that the trooper's death was murder rather than homicide. We acknowledge that a death (homicide) in the course of a felony enumerated in the first-degree felony murder statute is not, without more, felony murder. *People v Carter,* 395 Mich 434; 236 NW2d 500 (1975). But we do not agree that the district court bound defendant over on the felony murder count based on larceny of an automobile (the felony) and homicide. Instead, the record discloses defendant was bound over on a charge of felony plus homicide plus malice.[7] The element of

---

[6] "It is for the trier of fact to determine if the prosecution has 'negate[d] every reasonable theory consistent with defendant's innocence of the crime charged'." *People v Fuller,* 395 Mich 451, 455; 236 NW2d 58 (1975).

[7] At the preliminary examination the examining magistrate found insufficient evidence of the charge of premeditated murder but did find evidence of second-degree murder and the information was amended to include a count of second-degree murder.

malice is adequately record supported. Driving a vehicle at approximately 100 m.p.h. while repeatedly swerving the vehicle to block passage of the pursuing police car, striking the vehicle in which the officers were riding, and running them off the road, is conduct which obviously tended to cause either death or great bodily harm. Where the conduct complained of naturally tends to result in death or great bodily harm, malice may be implied. *People v Morrin,* 31 Mich App 301; 187 NW2d 434 (1971), *People v Geiger,* 10 Mich App 339; 159 NW2d 383 (1968). Findings of an examining magistrate will only be reversed for an abuse of discretion. *People v Paille #2,* 383 Mich 621 178 NW2d 465 (1970). Given the facts in the instant case we find no abuse of discretion as to the finding of malice. For identical reasons we do not agree with appellant's related claim of error that the trial court erred reversibly in binding defendant over on a charge of second-degree murder. Nor was error committed by the circuit court when it refused to direct a verdict for defendant on the charges of felony murder and murder in the second degree.

Defendant claims that he was twice placed in jeopardy when tried on an information separately charging him with the crimes of felony murder and second-degree murder for the death of a single victim. Our Supreme Court recently ruled that "there are lesser included offenses to first-degree felony-murder" and that "[s]econd-degree murder is *always* a lesser included offense of first-degree murder". *People v Carter,* 395 Mich 434, 437; 236 NW2d 500 (1975) (emphasis added). Had defendant been convicted of first-degree murder as well as second-degree murder, it is evident that his conviction for the included offense would be set aside as

constituting double punishment. *People v Anderson,* 62 Mich App 475; 233 NW2d 620 (1975). Since the remedy for multiple punishment for one offense is to expunge the lesser charge, *People v Guidry,* 67 Mich App 653; 242 NW2d 461 (1976), there is nothing for the Court to rectify where, as here, defendant has been convicted of neither charge.[8]

This Court finds no miscarriage of justice resulted from the introduction of testimony by the prosecution in its case in chief, and absent objection by the learned trial counsel, which showed defendant used marihuana on the day of the crime.

Defendant maintains that the verdicts of involuntary manslaughter and assault with intent to do great bodily harm are reversibly inconsistent. In this jurisdiction, inconsistent verdicts cannot stand unless they can be explained on any rational basis. *People v Fields,* 66 Mich App 347; 239 NW2d 372 (1976). *People v Ames,* 60 Mich App 168; 230 NW2d 360 (1975), *People v Willie Johnson,* 58 Mich App 165; 227 NW2d 272 (1975), *People v Widgren,* 53 Mich App 375; 220 NW2d 130 (1974), *People v Phillips,* 43 Mich App 581; 204 NW2d 250 (1972). The death of one police officer and injury of another arose out of the single action by defendant of forcing their vehicle off the road. There is no rational basis for explaining the verdicts under the evidence. Hence, this Court reverses the conviction of assault with intent to commit great bodily harm and remands the case back to circuit court with

---

[8] We note that after January 1, 1976, the prosecution will be unable to charge separate counts of murder in the first-degree and murder in the second-degree for the same killing. "[I]n every trial for first-degree murder, including felony murder, the trial court is required to instruct the jury *sua sponte,* and even over objection, on the lesser included offense of second-degree murder." *People v Jenkins,* 395 Mich 440, 442; 236 NW2d 503 (1975).

the direction to enter a conviction on the lesser offense of felonious assault, and to resentence defendant on the modified conviction. The conviction and sentence for manslaughter are affirmed.

Affirmed in part; reversed in part.