PEOPLE *v.* BUTLER.

1. CRIMINAL LAW—VARIANCE IN TESTIMONY AS TO TIME OF EVENTS.
   Slight variance in testimony as to exact time of various events as testified to by witnesses in prosecution of defendants under charges of burglary and larceny *held,* unimportant, where events are numerous and it is evident that all of them occurred within a short time of one another.

2. LARCENY—CIRCUMSTANTIAL EVIDENCE.
   Conviction of grand larceny *held,* justified by the evidence, though circumstantial.

3. INDICTMENT AND INFORMATION—LARCENY.
   Conviction of grand larceny under count including charge of breaking and entering with intent to commit larceny and one of stealing property worth over $50 is affirmed since both offenses of larceny were provable by same evidence.

Appeal from St. Joseph; Jacobs (Theo T.), J. Submitted June 14, 1934. (Docket No. 112, Calendar No. 37,742.) Decided September 18, 1934.

Eugene Butler and George Tamer were convicted of grand larceny. Affirmed.

*Harry C. Hanley* and *Benton B. Wolfe,* for appellants.

*Patrick H. O'Brien,* Attorney General, and *George H. Arnold,* Prosecuting Attorney, for the people.

BUTZEL, J. Defendants were convicted of grand larceny. The information contained a count charging breaking and entering a certain store building at Three Rivers, Michigan, with intent to commit a felony and larceny therein, "and did steal, take and carry away" a large quantity of clothing of the value of more than $50, being the property of one Bernard Johnson. Another count charged respondents with receiving stolen property. The jury found them guilty of larceny of goods exceeding $50, to-wit, $1,200, in the manner and form charged in the information. Respondents claim that the verdict was contrary to the great weight of evidence, and further that the conviction was for an offense not charged in the information.

The evidence is entirely circumstantial. It was shown that the clothing store of one Bernard Johnson at Three Rivers, Michigan, was broken into between 2:10 a.m. and 3:00 a.m. on November 19, 1933. A local police officer heard an automobile leaving the rear of the Johnson store at about 2:50 a.m. Upon investigation he discovered the rear window of the store broken and near the window he found a cushion which he thought belonged to a Hudson car,

possibly a 1926 model from the design of the cloth. The superintendent of the hospital in the village of Constantine, Michigan, approximately eight miles from Three Rivers, Michigan, heard an automobile crash at about 3:00 a.m. It occurred about 100 feet from where she was standing. She called out to find if anyone was injured but received no reply. For 20 or 30 minutes thereafter she kept the automobile under observation. She saw two persons walking around the car but could not identify them. She examined the car, saw that the rear seat was missing and a coat hanger was on the ground under the right running board. She called the State police at 3:00 a.m. They found the rear seat and the right front seat were missing. They not only discovered a coat hanger at the side of the car, but about 30 feet south they found one overcoat and a small bunch of neckties. The coat was new and bore a store tag showing it came from Johnson's store. Other coat hangers that had been dropped created a trail to a barn where the stolen clothing was discovered. Respondents had stopped at a gasoline station in White Pigeon, Michigan, only three miles from Constantine, where one of them telephoned to Detroit stating that they had had an accident and asking that someone come out and meet them. Defendants secured the aid of a wrecker to take the car to White Pigeon and one of them left with the wrecker. The car wrecked was a Ford V–8 automobile. Defendant Tamer told one of the State police that the wrecked car was the one that he and Butler were driving when they met with an accident near Constantine, Michigan. While defendants' attorneys point out slight discrepancies, particularly as to the exact time when these various events took place, it is evident that they all oc-

curred within such a short time of one another that a slight variance in the exact time, as testified to by witnesses, is unimportant. Defendants offered no testimony whatever. The undisputed testimony of the witnesses for the plaintiff leads us to the conclusion that the evidence, though circumstantial, justified the verdict.

There is no merit to claim of defendants that they were convicted of a crime not charged in the information. The first count not only charged breaking and entering, but also stealing property of the value of more than $50. It was not even necessary to ask for a severance of the two charges in the first count, as might have been done under the provisions of 3 Comp. Laws 1929, § 17290, had a demand been made by the defendants. The count would not have been quashed. In both offenses the larceny charge was provable by the same evidence. *People* v. *Ninehouse,* 227 Mich. 480; *People* v. *Mears,* 251 Mich. 359. In Louisiana, where the two charges are triable before different tribunals, it has been held that one may not be convicted of the crime of larceny, when burglary and larceny are charged in the same information. By the great weight of authority, both burglary and larceny may be charged in the same count, and a conviction of larceny is proper thereunder. *Commonwealth* v. *Hope,* 22 Pick. (39 Mass.) 1; *Roberts* v. *State,* 55 Miss. 421; 2 Wharton's Criminal Law (12th Ed.), § 1040.

The judgment of conviction is affirmed.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.