## PEOPLE v. ANDERSON.

1. CRIMINAL LAW—LARCENY.

Larceny in all statutes is used in its common-law sense, there being no statutory definition of the term in this State (CLS 1961, § 750.356).

2. SAME—LARCENY—ELEMENTS OF LARCENY.

The elements of the crime of larceny, as enunciated in case law are (1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with a felonious intent, (4) the subject matter must be the goods or personal property of another, and (5) the taking must be without the consent and against the will of the owner (CLS 1961, § 750.356).

3. SAME—LARCENY—SUFFICIENCY OF EVIDENCE.

Claim by defendant, convicted of larceny over $100 and conspiracy to commit larceny, that the crime of larceny had not been established because the officials of the store from which the goods in question were allegedly stolen knew of the intended removal from the store and consented to it *held*, without merit, where the evidence indicated that defendants and others were engaged in a scheme to steal property from the store by causing it to be removed to the basement and concealed in bales of wastepaper, since while the store officials consented to the removal of the bales from the store in order to catch those involved in the scheme, the crime of larceny was complete upon the illegal removal of the goods from their place in the store (CLS 1961, §§ 750.356, 750.505).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 32 Am Jur, Larceny §§ 2–9.
[2] 32 Am Jur, Larceny § 10 *et seq.*
[3, 4] 32 Am Jur, Larceny §§ 23–42.
[5] 32 Am Jur, Larceny § 124 *et seq.*

4. SAME—LARCENY—CONSPIRACY TO COMMIT LARCENY—SUFFICIENCY OF EVIDENCE.

   Claim of defendant, convicted of larceny over $100 and conspiracy to commit larceny, that there was insufficient evidence to sustain said convictions *held*, without merit, where the evidence clearly established the stealing of clothing from a store through concealment of the same in bales of wastepaper, removal of bales by a dealer in scrap, defendant's presence during purchase of the bales of wastepaper from the scrap dealer, delivery to a garage at the home of defendant's sister at defendant's suggestion, in which delivery defendant assisted by guiding the truck driver to his sister's place (CLS 1961, §§ 750.356, 750.505).

5. SAME—LARCENY—CONSPIRACY TO COMMIT LARCENY—CIRCUMSTANTIAL EVIDENCE.

   Conviction of defendant of the crimes of larceny over $100 and conspiracy to commit larceny *held*, proper, where the unrefuted evidence leaves no reasonable doubt as to the guilt of defendant and such evidence, though circumstantial, leads to the conclusion that the evidence justified the verdict (CLS 1961, §§ 750.356, 750.505).

Appeal from Recorder's Court of Detroit; Krause (Paul E.), J.  Submitted Division 1 April 7, 1967, at Detroit.  (Docket No. 321.)  Decided August 1, 1967.

James Anderson was convicted of conspiracy to commit larceny and larceny over $100.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Rheo C. Marchand,* Assistant Prosecuting Attorney, for the people.

*Richard J. Coon,* for defendant.

LESINSKI, C. J.  This is an appeal from a conviction by a jury in recorder's court for the city of Detroit finding the defendant, James Anderson,

guilty of conspiracy to commit larceny, CLS 1961, § 750.505 (Stat Ann 1954 Rev § 28.773), and larceny over $100, CLS 1961, § 750.356 (Stat Ann 1965 Cum Supp § 28.588).

The defendant was originally tried with Donald Spann, Leonard Adams and Howard Wheeler. The first trial resulted in the charges being dismissed against Wheeler, a conviction as to Spann and Adams, and a mistrial as to the defendant Anderson. This Court subsequently affirmed the conviction of Spann and reversed as to Adams in *People* v. *Spann* (1966), 3 Mich App 444.

The factual background of the instant case is covered in *People* v. *Spann, supra,* and except where the facts relate to the present defendant, they will not be repeated.

Detective Ruppell, in his testimony at trial, testified that the defendant was present during the negotiations for the purchase of certain bales of wastepaper. The detective testified that Spann had offered him $100 for a bale of paper, but that during the negotiations that followed, it was agreed that $200 would be the price of all six bales on the truck. At this point, one George Hill gave Detective Ruppell a $100 bill and asked Spann to get out another $100. Thereupon, Spann produced five $20 bills which were handed to Hill and then to the defendant.

Detective Ruppell had agreed during the negotiations to deliver the bales. When asked where delivery was to be made, the defendant replied, "How about my sister's place on Waverly?" Subsequently, the defendant rode in the truck with the driver and the detective and directed them to his sister's home at 216 Waverly.

At the Waverly address the defendant left the truck and walked back to a black, 1962 Chevrolet

which had been following. A brief conversation was had with Spann, who was riding in the aforementioned car, and then Spann came up and handed five $20 bills to the detective.

While at the garage and in the presence of the defendant, Spann asked Detective Ruppell if he would be regularly making pickups at Saks Fifth Avenue. The detective responded affirmatively and it was agreed that $100 per bale would be paid for each bale accepted.

Detective Ruppell departed and returned shortly thereafter accompanied by Detectives Dinning and Weinberg. Upon returning they found Spann in the garage opening a bale. Another bale had already been opened. Various articles of clothing were found beside the opened bale which were later identified as belonging to Saks Fifth Avenue. An arrest followed.

In the first of defendant's arguments on appeal, he contends that a necessary element of the crime of larceny, namely trespass, was lacking. Defendant contends that because the goods in question were obtained with the owner's consent, there was no trespass to uphold the charge of larceny.

There is no statutory definition of larceny in Michigan and all statutes use the term in its common-law sense. According to definitions that have been enunciated in case law, certain elements must be present to constitute larceny. They are: (1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with a felonious intent, (4) the subject matter must be the goods or personal property of another, (5) the taking must be without the consent and against the will of the owner. The defendant contends that the fifth of the aforementioned elements is lacking.

The defendant directs our attention to numerous cases from other jurisdictions to give weight to his contention. This Court does not dispute the accuracy of the cited authorities; however, it finds their application to the facts of the instant case inappropriate.

The testimony at trial indicated that articles of clothing were removed from various departments in the store and ultimately found their way into the baling room in the basement. When the articles of clothing were asported to the basement, under the facts in this case, without the consent of the owner, Saks Fifth Avenue, the element here disputed was supplied and the crime of larceny was complete.

In *People* v. *Bradovich* (1943), 305 Mich 329, the Michigan Supreme Court had before it essentially the same problem as in the instant case. In *Bradovich, supra,* the defendants had removed certain articles of clothing from racks and secreted them beneath their own clothing. Prior to their arrest, the defendants discarded the clothing within the store in an attempt to escape detection. The Court, in upholding the defendants' larceny conviction, stated at 332: "The crime of larceny was completed when the defendants removed the clothing from the rack and concealed it beneath the clothing they were wearing." The Court, in its treatment of the element of asportation, stated: "Removal of the clothing from the rack and concealing it under their own clothing constituted asportation. See note 19 ALR 724."

Application of the law in *Bradovich, supra,* to the instant case, leads this Court to the conclusion that when the articles of clothing were removed from the various departments, the crime of larceny was complete. The subsequent consensual arrangement whereby Saks Fifth Avenue, through its

agents, allowed the bales to be removed from the loading dock in no way negated the original criminal character of the taking.

In his second assignment of error, the defendant urges this Court to find that his conviction of conspiracy was based upon insufficient evidence. He contends that the evidence presented at trial was equally consonant with innocence as with guilt, and that as a consequence guilt was not proved beyond a reasonable doubt.

From unrefuted testimony at trial, the defendant was not only present during the negotiations with Detective Ruppell for the purchase of the bales of paper, but also played an active part therein.

Detective Ruppell testified that during the negotiations additional money was needed and that the money was subsequently handed to the defendant. It was upon the defendant's suggestion that the bales in question were delivered to the home of his sister and the directions to the home were supplied by the defendant.

It is clear to this Court that to view the activities of the defendant as mere passive noninvolvement would be to stretch the imagination to the breaking point. The unrefuted evidence presented leaves no reasonable doubt of the guilt of the defendant and to search for a theory consistent with the defendant's innocence would be to indulge in a search for a fantasy. In the words of the Court in *People v. Butler* (1934), 268 Mich 408, cited in *People v. Spann, supra,* at 457, "The undisputed testimony of witnesses for the plaintiff leads us to the conclusion that the evidence, though circumstantial, justified the verdict." See, also, *People v. Garska* (1942), 303 Mich 313; *People v. Tenerowicz* (1934), 266 Mich 276; *People v. Gadson* (1957), 348 Mich 307.

This Court holds that the conviction of the. defendant, after a consideration of his assignments of error, was proper.

Affirmed.

FITZGERALD and J. H. GILLIS, JJ., concurred.