PEOPLE v LONG (ON REMAND)

Docket No. 47521. Submitted October 2, 1979, at Lansing.—Decided November 7, 1979.

Defendant, Archie C. Long, was convicted of larceny in a building in Jackson Circuit Court, James G. Fleming, J. The defendant appealed alleging error on the part of the trial court in denying his motion to quash the information, or in the alternative, an abuse of discretion on the part of the prosecutor in charging him with larceny in a building rather than with obtaining property under false pretenses. The proofs showed that the defendant, through a series of change-making transactions, secured from cashiers ten dollars in excess of the sum which he originally sought to be changed. The Court of Appeals affirmed the defendant's conviction for larceny in a building by an unpublished memorandum opinion, Docket No. 78-218, decided April 6, 1979. The defendant sought review in the Supreme Court, which by its order of September 26, 1979, remanded the matter to the Court of Appeals "for amplification of the facts and reasons underlying its decision". *People v Long*, 407 Mich 873 (1979). *Held:*

1. The elements of the crime of larceny are: (1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with felonious intent, (4) the subject matter must be goods or personal property of another, and (5) the taking must be without the consent and against the will of the owner. Proof of fraud in obtaining possession of property may be substituted for the "taking without consent" element.

2. Larceny by trick is distinguished from obtaining property under false pretenses by the fact that in larceny by trick the owner of the thing stolen has no intention to part with his property, while in the crime of false pretenses the owner does

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur 2d, Larceny § 9.

What constitutes larceny "from a person". 74 ALR3d 271.

[2-4] 50 Am Jur 2d, Larceny §§ 27, 28.

[3] 32 Am Jur 2d, False Pretenses § 12 *et seq.*

50 Am Jur 2d, Larceny § 29.

intend to part with his property, however, that intention is the result of fraudulent contrivances.

3. The defendant was properly charged and convicted of larceny in a building rather than with obtaining property under false pretenses. Since the cashiers which the defendant engaged in the money-changing operations had no intention of parting with any sums of money in excess of the amount the defendant sought to be changed, the securing of the excess sum constituted the crime of larceny by trick rather than the crime of obtaining property under false pretenses.

Affirmed.

1. LARCENY — ELEMENTS OF LARCENY.

The elements of the crime of larceny are: (1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with felonious intent, (4) the subject matter must be goods or personal property of another, and (5) the taking must be without the consent and against the will of the owner.

2. LARCENY — FRAUD.

Proof of fraud in obtaining possession of property may be substituted for proof of the "taking without consent" element necessary to establish the crime of larceny.

3. LARCENY — LARCENY BY TRICK — OBTAINING PROPERTY UNDER FALSE PRETENSES.

Larceny by trick is distinguished from obtaining property under false pretenses by the fact that in larceny by trick the owner of the thing stolen has no intention to part with his property, while in the crime of false pretenses the owner does intend to part with his property, however, that intention is the result of fraudulent contrivances.

4. LARCENY — LARCENY BY TRICK — INTENT.

One is properly charged and convicted of larceny by trick rather than obtaining property under false pretenses where money is obtained by engaging another in a series of change making operations which ultimately result in acquiring funds in excess of the amount of money originally sought to be changed, since the person so deceived had no intention to part with the possession of funds in excess of the amount sought to changed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,*

Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

*F. Martin Tieber,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and BASHARA and D. E. HOLBROOK, JR., JJ.

## ON REMAND

PER CURIAM. This cause was remanded by the Supreme Court for amplification of this Court's prior unpublished opinion.

The required elements of the crime of larceny as enunciated in case law are (1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with felonious intent, (4) the subject matter must be the goods or personal property of another, and (5) the taking must be without the consent and against the will of the owner. *People v Anderson,* 7 Mich App 513; 152 NW2d 40 (1967).

It is defendant's contention that he was improperly prosecuted under the larceny statute because the taking was not without the consent or against the will of the owner.

However, case law makes it clear that fraud in obtaining possession may supply the place of trespass in taking it, so as to make the conversion of it felonious. *People v Shaw,* 57 Mich 403; 24 NW 121 (1885).

Although the crimes of larceny by trick and obtaining property under false pretenses are very similar, there is a distinction which the statutes and case law clearly draw between the two crimes.

The distinction turns on the intent of the victim

in parting with the property, and the rule is stated in *People v Niver,* 7 Mich App 652, 657; 152 NW2d 714 (1967), quoting from *People v Martin,* 116 Mich 446, 450; 74 NW 653 (1898), as follows:

" 'We think the rule to be gathered from the authorities may be stated to be: In larceny the owner of the thing stolen has no intention to part with his property therein; in false pretenses, the owner does intend to part with his property in the thing, but this intention is the result of fraudulent contrivances.' "

In the instant case, the cashiers did not knowingly transfer an extra $10 to the defendant relying on some false representations of the defendant. Rather, the cashiers, believing they had transferred only an amount equal to that received in making change for the defendant, were induced by trick or artifice of the defendant to part with possession of the extra $10.

Taking into consideration the intention of the parties, it is obvious that the cashiers intended only to exchange various denominations of money with the defendant *quid pro quo.* The cashiers had no intention to transfer possession or title to any money in excess of that received. The defendant, on the other hand, intended to obtain, through the use of artifice, possession of the extra $10 and intended thereby to relieve the owner of her possession.

The absence of an intent on the part of the cashiers to knowingly and voluntarily transfer possession or title to any money in excess of that received places the defendant's conduct within the ambit of larceny rather than within the ambit of obtaining property under false pretenses.

The authorities concur in placing the activity of "ringing the change" within the crime of larceny.

The law is stated in *Howell v State,* 28 Ala App 249, 250; 182 So 96 (1938), where the court, quoting from Corpus Juris, 36 CJ, Larceny, § 146, p 779, stated the following:

" ' "Ringing the changes", a trick frequently practiced upon shopkeepers and salesmen, is effected by tendering a large bill or coin in payment of a small purchase, and, after the correct change has been given, asking for other change and repeating the request until, in the confusion of mind created by so many operations, the thief obtains more money than he should. This is held to be larceny, notwithstanding in each operation the shopkeeper or salesman voluntarily delivered the money asked for, since it is obvious he intended to part with the title to only such money as constituted the correct change.' "

Additional authority for this view is found at 26 ALR 381, 386, where it is stated: "It has been held to be larceny for a person to create, with fraudulent intent, an occasion to change money for another and wilfully give short change".

Therefore, in view of the distinction between the intent of the victim in the crime of obtaining money by false pretenses and that of larceny, and in view of the historical treatment accorded to the action of "ringing the change", we determine the defendant was properly charged with the crime of larceny in a building rather than obtaining property by false pretenses.

The conviction is affirmed.