PEOPLE v JONES

Docket No. 77690. Submitted May 9, 1985, at Detroit.—Decided June
19, 1985.

Oscar B. Jones was convicted on his plea of nolo contendere in
Van Buren Circuit Court, Meyer Warshawsky, J., of larceny in
a building. The testimony at the preliminary examination
established that defendant, after making a purchase in a hard-
ware store, requested a $20 bill in exchange for $20 in smaller
bills. The cashier took a $20 bill out and placed it on the cash
register. Defendant then pushed his money towards the cashier,
who discovered upon counting the money that defendant sub-
mitted only $19 in denominations of $10, $5 and four $1 bills.
The cashier informed him of the shortage, at which time
defendant pulled all the bills toward him, including the $20 bill
taken from the cash register. He then placed an additional $1
bill with the bundle, handed it back to the cashier, and
changed his request to four $10 bills. The cashier placed the
$20 bill she had originally taken from the cash register back,
then returned two $10 bills to defendant. He objected and
insisted that he was entitled to four $10 bills. The cashier
disagreed, then looked over to a police officer who had been
observing the entire transaction, unbeknownst to the defen-
dant. After defendant looked back and observed the officer, he
apologized and admitted that he was mistaken. Defendant was
then arrested by the officer. On the basis of the preliminary
examination testimony, the trial court found that an adequate
factual basis for the larceny charge had been established.
Defendant appealed, claiming that the facts do not support the
conviction on the larceny charge but rather would only estab-
lish the crime of false pretenses. *Held:*

The crime of false pretenses differs from the crime of larceny
in that in false pretenses the victim intends to transfer both
possession and ownership of the property while in larceny

REFERENCES FOR POINTS IN HEADNOTE
Am Jur 2d, False Pretenses § 2 *et seq.*
Am Jur 2d, Larceny § 7.
Attempts to commit offenses of larceny by trick, confidence game,
false pretenses, and the like. 6 ALR3d 241.

there is only a transfer of possession. Although defendant did gain possession of the additional $20 by taking it from the cashier and then asserting ownership when he passed it back and requested four $10 bills, the cashier, being fully aware of what defendant was doing, never intended nor effected transfer of ownership of that $20. Accordingly, defendant was properly charged and convicted of the crime of larceny in a building.

Affirmed.

LARCENY — OBTAINING PROPERTY BY FALSE PRETENSES.

The crime of larceny is differentiated from the crime of obtaining property by false pretenses by the fact that in the larceny offense only possession of the stolen property is transferred to the offender while in the false pretenses offense both possession and ownership is intentionally transferred to the offender.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Juris Kaps,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

*Allen J. Lewis,* for defendant.

Before: WAHLS, P.J., and J. H. GILLIS and S. EVERETT,* JJ.

PER CURIAM. Defendant pled nolo contendere to the charge of larceny in a building, MCL 750.360; MSA 28.592, in exchange for the dismissal of a charge of attempted larceny from a person, MCL 750.357; MSA 28.589 and MCL 750.92; MSA 28.286. Defendant was sentenced to a nine-month jail term and appeals as of right.

On June 10, 1983, defendant entered an ACE hardware store and purchased two light bulbs. After the transaction was completed, defendant requested a $20 bill in exchange for $20 in smaller bills. The cashier took a $20 bill out and placed it on the cash register. Defendant then pushed his money towards the cashier, who discovered upon

---

* Circuit judge, sitting on the Court of Appeals by assignment.

counting the money that defendant submitted only $19 in denominations of $10, $5, and four $1 bills. The cashier informed him of the shortage, at which time defendant pulled all the bills toward him, including the $20 bill taken from the cash register. He then placed an additional $1 bill with the bundle, handed it back to the cashier, and changed his request to four $10 bills. The cashier placed the $20 bill she had originally taken from the cash register back, then returned two $10 bills to defendant. He objected and insisted that he was entitled to four $10 bills. The cashier disagreed, then looked over to a police officer who had been observing the entire transaction, unbeknownst to the defendant. After defendant looked back and observed the officer, he apologized and admitted that he was mistaken. Defendant was then arrested by the officer.

On appeal, defendant argues that the facts of the case were insufficient to support the conviction and that, rather, he should have been charged with obtaining money under false pretenses. In support of its argument for affirmance, the prosecution relies upon this Court's opinion in *People v Long (On Remand),* 93 Mich App 579; 286 NW2d 909 (1979). The defendant in *Long* also perpetrated a "ringing the changes" scheme, through which he induced several different cashiers to part with possession of an extra $10 through trickery. This Court held that the defendant was properly convicted of larceny rather than obtaining property under false pretenses, since the cashiers did not knowingly transfer the extra $10, but did so only due to the false representations of the defendant. Thus, since in larceny the owner has no intention of parting with his property while in false pretenses the owner does so intend, although the intention is the result of fraudulent contrivances,

this Court held that the larceny statute was applicable. 93 Mich App 582.

Defendant's attempts to distinguish our decision in *Long* could have been more persuasively presented had he noted that the decision was reversed on appeal to the Michigan Supreme Court. *People v Long,* 409 Mich 346; 294 NW2d 197 (1980), *reh den* 409 Mich 1102 (1980). In identifying the distinction between larceny and false pretenses, the Supreme Court quoted an extensive passage from an early case, *People v Martin,* 116 Mich 446; 74 NW 653 (1898):

" 'It is sometimes difficult to determine in a given case whether the offense is larceny or whether it is a case of false pretenses. We think the rule to be gathered from the authorities may be stated to be: In larceny, the owner of the thing stolen has no intention to part with his property therein; in false pretenses, the owner does intend to part with his property in the thing, but this intention is the result of fraudulent contrivances. If the owner did not part with his property in the thing, but simply delivered the possession, the ownersip remaining unchanged, for the purpose of having the person to whom the property was delivered use it for a certain special and particular purpose, for the owner, the title would not pass, and its felonious conversion would be larceny. A distinction is made between a bare charge for special use of the thing, and a general bailment; and it is not larceny if the owner intends to part with the property and deliver the possession absolutely, although he has been induced to part with the goods by fraudulent means. If, by trick or artifice, the owner of property is induced to part with the possession to one who receives the property with felonious intent, the owner still meaning to retain the right of property, the taking will be larceny; but if the owner part with not only the possession, but right of property also, the offense of the party obtaining the thing will not be larceny, but that of obtaining the goods by false pretenses. As was said in *Loomis v People,* [67 NY 322, 329; 23 Am Rep 123 (1876)]:

" ' "There is, to be sure, a narrow margin between a case of larceny and one where the property has been obtained by false pretenses. The distinction is a very nice one, but still very important. The character of the crime depends upon the intention of the parties, and that intention determines the nature of the offense. In the former case, where, by fraud, conspiracy, or artifice, the possession is obtained with a felonious design, and the title still remains in the owner, larceny is established; while in the latter, where title, as well as possession is absolutely parted with, the crime is false pretenses. It will be observed that the intention of the owner to part with his property is the gist and essence of the offense of larceny, and the vital point upon which the crime hinges and is to be determined." ' " 409 Mich 350-351.

Relying upon the *Martin* Court's explication of the distinctions between the two offenses, the Supreme Court held that the defendant should have been charged with the crime of false pretenses. The Court concluded:

"By distracting the cashiers and asking them for various amounts of change, defendant induced them to give him $10 more than they received from him. The partings were induced by defendant's fraudulent representations that he had received an inadequate amount of change. While undoubtedly the cashiers would not have parted with the 'additional' sum had they recognized it as such, it is apparent that the partings were voluntary and inadvertent. At the time of their occurrence, the partings represented a surrendering of possession accompanied by an intention, however hastily or ill-advisedly formed, to transfer title. Because both possession and title were intended to be transferred, defendant's offense was that of obtaining money under false pretenses." 409 Mich 351-352.

At first glance, it would appear that an application of the Supreme Court's *Long* decision to this case would require the reversal requested by de-

fendant. Upon closer examination, however, we note a factual distinction between these cases which critically affects the outcome. As set out above, the important difference between the offenses of larceny and false pretenses is that in the former only possession of the property is transferred to the offender, while the latter involves the intentional transfer of both possession *and ownership.* In *Long,* the cashiers involved were unaware that they had been duped by the defendant and thus intentionally, although unwittingly, transferred possession and ownership of an additional $10 to the defendant. In the case before us, however, the cashier was never fooled by the defendant. Although he did gain possession of the additional $20 by taking it from the cashier and then asserting ownership when he passed it back and requested four $10 bills, the cashier was fully aware that defendant was either mistaken or intentionally misrepresenting his ownership of the $20. Thus, while the cashier did deliver possession of the $20, she never intended, nor did she effect, a transfer of title to the $20. This critical factor makes the Supreme Court's analysis in *Long* inapplicable. Rather, the description of larceny set out in *Martin, supra,* is squarely on point, and thus we conclude that the defendant was properly charged and convicted of the crime of larceny in a building.

Defendant also asserts an abuse of discretion regarding the imposition of a nine-month sentence, asserting that the sentencing court exhibited animosity toward the defendant, that the sentencing court mistakenly believed it was sentencing defendant for a more serious offense, and that the sentencing court improperly based the sentence upon defendant's commission of numerous traffic

offenses. The record offers no support for any of the defendant's allegations, and thus we find no abuse of discretion.

Affirmed.