# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 16, 2016

Plaintiff-Appellee,

v

No. 324756
Wayne Circuit Court
LC No. 14-003388-FC

JOHN EDWARD REED,

Defendant-Appellant.

Before: SERVITTO, P.J., and SAAD and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial conviction of carjacking, MCL 750.529a, and challenges the trial court's assessment of $600 in court costs. The trial court sentenced defendant, as a fourth habitual offender, MCL 769.12, to 110 month to 15 years' imprisonment. We affirm defendant's conviction, but remand for a determination of the reasonableness of the court costs in light of the actual costs incurred.

Defendant went to a towing yard where he encountered David Paul Reiff, a friend and employee of the owner, Terry Vanover. Reiff testified that Vanover had granted him permission to transport tools in Vanover's Chevy Silverado truck. Reiff was standing outside the truck, the keys to the truck were in the ignition, the vehicle was running, and the passenger doors were open. Defendant entered the towing yard and questioned Reiff, who did not know defendant, about Vanover's whereabouts. Reiff informed defendant that Vanover was not there, and resisted defendant's attempts to enter the truck. Defendant ultimately jumped into the truck, punched Reiff in the mouth, and drove off in the truck. Reiff contacted Vanover, who arrived at the business, and the police were called. While Reiff and Vanover gave descriptions of defendant and the truck to the police, they observed the truck a few blocks up the street at a party store's parking lot. The police responded to the party store and found defendant as the only occupant in the truck. The truck's radio and speakers were missing. Reiff and Vanover arrived at the party store, and defendant was arrested.

Defendant testified at trial that he knew Vanover, who had given him permission to use the truck to move furniture. Defendant denied hitting or striking Reiff, and also denied any intent to permanently deprive Vanover of the vehicle. The trial court found that defendant's testimony was not credible, and convicted him of carjacking.

-1-

Defendant argues that the evidence at trial was insufficient to support his carjacking conviction. We disagree. A challenge to the sufficiency of the evidence is reviewed de novo. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). The evidence is reviewed in a light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013). Circumstantial evidence and reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of the crime. *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010).

"A carjacking occurs 'in the course of committing a larceny of a motor vehicle[.]' While doing so, a defendant must use (1) 'force or violence,' (2) 'the threat of force or violence,' or (3) put 'in fear any operator, passenger, or person in lawful possession of the motor vehicle, or any person lawfully attempting to recover the motor vehicle.' " *People v Hardy*, 494 Mich 430, 444; 835 NW2d 340 (2013). Viewed in a light most favorable to the prosecution, the direct and circumstantial evidence, and reasonable inferences arising from the evidence, was sufficient to support defendant's conviction for carjacking.

Vanover's friend and roommate, Reiff, was at Vanover's tow yard loading tools into Vanover's truck as directed. Reiff testified that he was given permission to use Vanover's truck for this purpose, and thus was in lawful possession of the vehicle. According to Reiff, defendant came into the yard and demanded to know where Vanover was, and then attempted to push Reiff into the truck, which Reiff resisted. Reiff testified that defendant entered the truck, Reiff tried to remove him, and defendant struck Reiff in the mouth and drove off in the truck. Reiff's testimony was sufficient to establish that defendant used force or violence upon Reiff, an individual in lawful possession of Vanover's truck, in the course of committing a larceny of a motor vehicle, and that Reiff was scared as a result of the assaultive encounter. *Hardy*, 494 Mich at 444.

Although defendant argues that he did not intend to permanently deprive Vanover of the vehicle, the plain language of the carjacking statute does not require an intent to permanently deprive. *People v Terry*, 224 Mich App 447, 454-455; 569 NW2d 641 (1997). The carjacking statute was amended by 2004 PA 128 to "describe the offense as one that occurs during the course of committing a larceny." *People v Cain*, 299 Mich App 27, 44; 829 NW2d 37 (2012), vacated in part on other grounds 495 Mich 874 (2013). The requirements for larceny are:

> (1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with a felonious intent, (4) the subject matter must be the goods or personal property of another, (5) the taking must be without the consent and against the will of the owner. [*People v Anderson*, 7 Mich App 513, 516; 152 NW2d 40 (1967).]

Although larceny has included the requirement that the property be taken with the intent to permanently deprive, *People v Pratt*, 254 Mich App 425, 427-428; 656 NW2d 866 (2002), the law does not require such an intent in the literal sense, *People v Jones*, 98 Mich App 421, 425-426; 296 NW2d 268 (1980). Rather, the necessary intent is a lack of resolve to return the property with "reasonable promptitude and in substantially unimpaired condition." *Id*. at 426. The evidence that defendant forcibly took Vanover's truck and that the radio and speakers were

missing from the truck when the police found defendant inside the truck a short time later was sufficient to establish defendant's larcenous intent.

Defendant contends that the evidence did not support his conviction because he received permission from Vanover to use the truck to move furniture, he took the truck to meet with Vanover and stopped at a local liquor store when Vanover could not be found, and his act of remaining in the vicinity demonstrated that he did not intend to permanently take the vehicle. The credibility of defendant's testimony was for the trial court, as the trier of fact, to resolve. *Dunigan*, 299 Mich App at 582; *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012). The trial court expressly found that defendant was not credible. The fact that Vanover did not testify is of little importance. The trial court was entitled to rely on Reiff's testimony to find that Reiff was in lawful possession of the vehicle. Moreover, circumstantial evidence indicated that Vanover did not give defendant permission to use the vehicle. Vanover was summoned to the scene, spoke to the police, gave a description of the truck, and was present for defendant's arrest. The evidence that Vanover and Reiff acted cooperatively with the police, and that Vanover never supported defendant's assertion of permissive use during the sequence of events, negates defendant's claim that he had permission to use the vehicle. Sufficient evidence supports defendant's conviction for carjacking.

Next, defendant argues that the trial court's assessment of "$600 in generalized court costs" must be vacated in light of our Supreme Court's decision in *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014). In *Cunningham*, 496 Mich at 147-149, our Supreme Court observed that the statute under which the defendant was convicted, MCL 333.7407(1)(c), which proscribes obtaining a controlled substance by fraud, did not authorize the imposition of costs, and held that "MCL 769.1k(1)(b)(*ii*) does not provide courts with the independent authority to impose 'any cost.' " *Id*. at 147-148, 158. At the time of the *Cunningham* decision, MCL 769.1k(1)(b)(*ii*) authorized a court to impose "[a]ny cost in addition to the minimum state cost set forth in subdivision (a)."

After the Supreme Court decided *Cunningham*, the Legislature amended MCL 769.1k. See 2014 PA 352. The enacting sections of 2014 PA 352 expressly addressed the timeframe of its application and the purpose of the amendment as a curative measure in light of the *Cunningham* decision, providing:

> Enacting section 1. This amendatory act applies to all fines, costs, and assessments ordered or assessed under section 1k of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.1k, before June 18, 2014, and after the effective date of this amendatory act.

> Enacting section 2. This amendatory act is a curative measure that addresses the authority of courts to impose costs under section 1k of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.1k, before the issuance of the supreme court opinion in People v Cunningham, 496 Mich 145 (2014).

This act is ordered to take immediate effect.

The amendment to MCL 769.1k(1) provides, in relevant part:

(b) The court may impose any or all of the following:

(*i*) Any fine authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty.

(*ii*) Any cost authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty.

(*iii*) Until 36 months after the date the amendatory act that added subsection (7) is enacted into law, *any cost reasonably related to the actual costs incurred by the trial court* without separately calculating those costs involved in the particular case, including, but not limited to, the following:

(A) Salaries and benefits for relevant court personnel.

(B) Good and services necessary for the operation of the court.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.

(*iv*) The expenses of providing legal assistance to the defendant.

(*v*) Any assessment authorized by law.

(*vi*) Reimbursement under section 1f of this chapter.  [Emphasis added.]

In *People v Konopka (On Remand)*, 309 Mich App 345, 356-357; 869 NW2d 651 (2015), this Court held that although the statutes for the defendant's underlying offenses—retail fraud, MCL 750.356c, and conspiracy, MCL 750.157a—did not authorize the imposition of costs, the Legislature's amendment of MCL 769.1k *retroactively* validated the imposition of costs.  This Court held, however, that "without a factual basis for the costs imposed, we cannot determine whether the costs imposed were reasonably related to the actual costs incurred, as required by MCL 769.1k(1)(b)(*iii*)." *Id.* at 359-360.  Accordingly, this Court remanded the case to the trial court for further proceedings to establish a factual basis for the $500 in costs. *Id.*

Pursuant to *Konopka*, the trial court had the authority under MCL 769.1k(1)(b)(*iii*), as amended, to impose an assessment for "any cost reasonably related to the actual costs incurred by the trial court . . . ."  However, because the trial court did not identify a factual basis for its award of costs, precluding a determination whether the costs imposed were reasonably related to the actual costs incurred, we remand this case to the trial court to establish a factual basis for the award of costs.

Affirmed in part and remanded for a determination of the reasonableness of the court costs in light of the actual costs incurred.  We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Henry William Saad
/s/ Colleen A. O'Brien