# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROSELAR CRITEENA HARDY-SANDIFER,

        Defendant-Appellant.

UNPUBLISHED
March 13, 2018

No. 335813
Oakland Circuit Court
LC No. 2016-258215-FH

Before: MURRAY, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right her jury trial conviction of larceny of property valued at $1,000 or more, but less than $20,000, MCL 750.356(3)(a). Defendant was sentenced to 135 days in jail and five years' probation. We affirm.

Defendant argues that there was insufficient evidence to convict her of larceny of property valued at $1,000 or more, but less than $20,000, MCL 750.356(3)(a), because the prosecution did not prove beyond a reasonable doubt that she was the individual who actually took $13,954.96 from the victim, Sheyla Mertz (Mertz). We disagree.

This Court reviews a challenge to the sufficiency of the evidence de novo. *People v Henderson*, 306 Mich App 1, 8; 854 NW2d 234 (2014). Reviewing the evidence in a light most favorable to the prosecution, this Court must determine whether a rational trier of fact could conclude that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002). The prosecution must also prove identity as an element of every crime. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). Circumstantial evidence and the reasonable inferences arising from that evidence can be satisfactory proof of the elements of the offense. *Henderson*, 306 Mich App at 9. "[T]his Court should not interfere with the jury's role of determining the weight of evidence or the credibility of witnesses." *People v Lee*, 243 Mich App 163, 167; 622 NW2d 71 (2000).

The elements of larceny are:

> (1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with a felonious intent, (4) the subject matter must be the goods or personal property of another, (5) the taking must be without the consent and against the will of the owner. [*People v Cain*,

-1-

238 Mich App 95, 120; 605 NW2d 28 (1999), quoting *People v Anderson*, 7 Mich App 513, 516; 152 NW2d 40 (1967).]

Larceny is a specific intent crime. *Cain*, 238 Mich App at 120. The property must be "taken with the intent to permanently deprive the owner of possession." *People v Pratt*, 254 Mich App 425, 427-428; 656 NW2d 866 (2002).

The thrust of defendant's arguments on appeal is that there was insufficient evidence to establish that she was the person who transferred money from Mertz's account to pay her own credit card bills and car payments. Specifically, defendant claims that the evidence was insufficient to support her larceny conviction because it was based on "suspicion and pure circumstance."

Contrary to defendant's claims, there was ample circumstantial evidence in the record to establish that defendant transferred $13,954.96 from Mertz's account to her own accounts. All of the transactions at issue named defendant as the beneficiary and inured to her personal benefit. Specifically, between June 2015 and September 2015, $13,954.96 was paid directly from Mertz's account to defendant's personal accounts with Barclay's, Capital One, and Regional Acceptance Corporation. From an unspecified date in 2014 until March of 2015, defendant had access to Mertz's home when she provided home care services for Mertz's elderly husband. After Mertz's husband passed away, Mertz hired defendant to do additional shopping and housecleaning work. Defendant also challenges various aspects of Detective Paul Kinal's[1] investigation of this matter, and points out that he testified that Mertz did not personally observe anyone tampering with her bank account information. However, these matters relate generally to the weight to be given to the prosecution's evidence, which is a determination properly left to the jury. *Lee*, 243 Mich App at 167. To the extent defendant claims that her knowledge that funds were stolen from Mertz was never established, the record reflects that during her interview with Detective Kinal, defendant conceded that she was aware that money had been misappropriated from Mertz's accounts. Accordingly, we are satisfied that the record evidence, viewed in the light most favorable to the prosecution, amply supported defendant's conviction of larceny of property valued at $1,000 or more, but less than $20,000.

Affirmed.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

---

[1] Detective Kinal is employed by the Southfield Police Department.